|  |  |  |
|---|---|---|
| James Roland } | | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>10/21/2014<br>JEFFREY P. COLWELL, CLERK |

James Roland }
}
} 14-cv-157
}
v. }
} 02-cv-02098-LTB
}
Fred JOBE and Julie MARSHAL }
}
}

## Refusal for Cause Memorandum

In recognition of honor residing in the 11th Judicial District court James, Roland is compelled to point out that the original filing for this case is titled **Abatement**, which is a proper legal term that should have been recognized and transcribed to the Register of Action as such. It was not. James Roland retains the absolute right to speak clearly in plain English as it serves him in everyday communications. This memorandum is not intended as a reaction or defense, as it is simply to clarify why papers found to represent this process of prosecution have been timely Refused for Cause.

Furthermore the clerk of court would not certify the Register of Action copy on the grounds that "It can change day to day." – Indicating intent by the clerk of court to falsify the record. This is brought to light in view of the Certified Copy of the Register of Action from the same (effectively) *Clerk of the Combined Courts* that indicts the clerk of court for the 11th Judicial District of realizing that James Roland has published the Record in the United States District Court and is effectively forming true judgment as follows herein and incorporated fully in the Abatement. Therefore the clerk of court is changing policy and will not Certify (verifying) any subsequent Register of Action copies.

The Abatement stands in true judgment as adjudicated by the jurists, various judicial officers listed below, who have sworn out their oaths of office before the ever-living God, the same God in monotheism on the currency IN GOD WE TRUST, as prescribed by Statute and published them with the proper clerks as prescribed by the state constitution. The Jurists' oaths of office have been included in the initial abatement. James Roland paid the filing fee in the District Court only after understanding the clerk of court refused to accept the papers as a part of the felony cause in the same forum. It would seem that Judge THORSON hearing a felony matter as District Judge would allow for papers like this Abatement to be filed easily into that same record but James Roland has chosen that this abatement must be properly lodged into the Record and paid the filing fee, even though this matter is already adjudicated in abatement.

*People v. Scott* in the Colorado Court of Appeals makes clear,

> *...and proceeds with the performance of the duties connected therewith until the disability is adjudged by a proper tribunal, he is a de facto officer, whose acts performed in the discharge of his official duties are valid and binding.*

Furthermore there is dishonor upon the Court of Appeals revealed in *Scott*:

> *However, the response did not state whether these documents had been filed with the secretary of state.*

And so the Colorado Court of Appeals proceeded in *Scott* without addressing the positive fact that the District Attorney subject had not published his oath of office in the Secretary of State's office; but rather addressed tangential principles indicating that complying with the State constitution was superfluous.

Furthermore yet *Scott* is about a District Attorney not publishing a sworn oath correctly. The District Attorney did not like in this matter of Abatement sign an arrest warrant and sign as

witness "County Court Judge" for the oath process of the alleged County Sheriff who took action while in a vacant office under that bogus oath of office. In other words, the office of District Attorney is not hands-on law enforcement directly in contact with making arrests that might involve handcuffing or even tackling a man like James Roland. Applying *Scott* to the County Sheriff and County Judge is very limited especially when applying principles of justice that James Roland deserves as a man. A man might act intuitively to defects in process and authority around him, and is not subject to having to discover those defects prior to an encounter with *law enforcement*. The authority of common sense dictates this to be true. Was James Roland obliged to research Peter MICHAELSON's faulty oath of office, and that MICHAELSON has signed Custer County Sheriff Fred JOBE's oath of office as County Court Judge from a vacant office; all prior to being confronted by Sheriff JOBE and deputies acting upon the bogus warrant too (subsequently)? Additionally when James Roland began researching oaths of office at the Custer County Clerk and Recorder he was harassed with threat of arrest if he did not assure officials in writing that he had no access to even other people's guns and ammunition – outside the scope of the bogus bond agreement he had been coerced to sign after false arrest.

Additionally it might be pointed out that every action of Peter MICHAELSON as an alleged County Court Judge since January of 2008, according to *Scott* is coming up for Judicial Review and James Roland is allowing for the Justice Center in Canon City to save face by simply honoring this Abatement already adjudicated by the following jurists as proven by Certified Copies from County Clerk and Recorder offices and the Secretary of State. Additionally yet, Julie G. MARSHAL's oath of office is bogus and her current office is vacant as proven in the Abatement and its attached Oaths of Office.

Jurists:

John William SUTHERS
Michael BENDER
Rex N. KINDALL
C.M. BARTON
David M. THORSON
[Julie G. MARSHAL] Disqualified – bogus oath.

The above five officials have already by action and factual finding adjudicated *res judicata* a true judgment that Peter MICHAELSON is intentionally and fraudulently acting as County Court Judge by not swearing out an oath of office, or in the alternative never bothering to read the constitutions he swore to uphold in early 2006. The above listed jurists are conscientious and honorable in the oath-bonding process and the State of Colorado Comptroller of the Currency is liable to pay lawful money for any breaches in contract between them and the People, and any one of the People, as enumerated in the Bills of Rights. Peter MICHAELSON is without any judicial or sovereign immunity and is exposed personally, as is the State of Colorado for not monitoring officers qualifying their offices.

Sincerely,

*James Roland Bishop*
James Roland of the BISHOP family.

# James Roland
**1529 Clairmont Avenue**
**Pueblo, Colorado.**
**[81004]**

United States District Court          Registered Mail #RA XXX XXX XXX US
for the District of Colorado
901 19th Street – A105
Denver, Colorado. 80294

Dear Clerk;

    Please file this refusal for cause in the case jacket of Article III case 02-2098. This is evidence if this presenter claims I have obligations to perform or makes false claims against me in the future. A copy of this instruction has been sent with the original refusal for cause back to the presenter in a timely fashion.

### Certificate of Mailing

    My signature below expresses that I have mailed a copy of the presentment, refused for cause with the original clerk instruction to the US district court and the original presentment, refused for cause in red ink and a copy of this clerk instruction has been mailed registered mail as indicated back to the presenter within a few days of presentment.

                            _James Roland_
                                  James Roland

David M. THORSON          Registered Mail #RA XXX XXX XXX US
Fremont County Court
136 Justice Center Road
Canon City, Colorado. [81212]

| U.S. POSTAL SERVICE | **CERTIFICATE OF MAILING** |
|---|---|

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
James Roland
1529 CLAREMONT AVE
PUEBLO COLO 81004

One piece of ordinary mail addressed to:
UNITED STATES DISTRICT COURT
901 19th STREET — A-105
DENVER, COLORADO 80294

Affix fee here in stamps or meter postage and post mark. Inquire of Postmaster for current fee.

PS Form 3817, Mar. 1989

II. All parties shall file and serve their pleadings in the above-captioned matter using Electronic Case Filing (e-filing). Counsel and parties without an attorney should refer to Chief Judge Directive 08-03, Chief Justice Directive 11-01, and section 1-26 of Rule 121, C.R.C.P., for more detailed policies.

III. The plaintiff shall mail a copy of this order to all other parties who appear unless a copy has been served upon that party with the summons and complaint.

IV. Proposed findings and/or orders must be submitted with any motion presented to the Court. Counsel must file all documents except exhibits in editable format.

V. The parties shall file copies of their Rule 26(a) disclosures with the Court, but not copies of disclosed documents or other evidentiary material, nor any expert reports or summaries.

VI. At the case management conference, the Court and counsel will determine what modifications should be made to the presumptive case management order. The Court will also determine when in the discovery process the case will be submitted to mandatory mediation, weighing the need for parties and counsel to be adequately informed regarding the evidence against the desirability of a prompt resolution before the parties have such a financial investment in the litigation that positions become polarized.

VII. **A trial will not be scheduled until completion of discovery and completion of mandatory mediation. The Court requires written confirmation from the mediator that mediation was conducted before trial dates will be given.** Failure to participate or to participate meaningfully in mandatory mediation may result in sanctions including but not limited to payment of costs or attorney fees, or entry of judgment on the merits against the party failing to participate.

VIII. The Court encourages the parties to schedule telephone conferences with the Court, either informally or on the record, to resolve minor disputes that cannot be worked out among the parties, rather than spending an inordinate amount of attorney time and client funds exchanging pleadings.

IX. If mediation is unsuccessful, the plaintiff shall serve a notice to set the case for a trial setting conference. At the trial setting conference, the Court will set the matter for trial and establish a schedule for filing and hearing motions, and for trial preparation. The parties can expect a trial setting within six months of the trial setting conference.

DATED and so ordered this 6th day of October, 2014.

BY THE COURT:

/s/ David M. Thorson

David M. Thorson, District Judge

COMBINED COURT
FREMONT COUNTY, COLORADO
CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL
DOCUMENT IN MY CUSTODY

DATE 10-14-14
DEBORAH SATHER STRINGARI
CLERK OF THE COMBINED COURTS

BY _____ DEPUTY

SEAL

2

| | |
|---|---|
| **DISTRICT COURT, FREMONT COUNTY, COLORADO**<br>Court Address:<br>136 Justice Center Road, Room 103<br>Cañon City, Colorado 81212<br>Phone Number: (719) 269-0100 | DATE FILED: October 6, 2014 1:04 PM |
| **JAMES ROLAND,**<br>Plaintiff,<br>v.<br>**FRED JOBE and JULIE MARSHALL,**<br>Defendants. | ▲ **COURT USE ONLY** ▲ |
| | Case Number: 14 CV 157<br>Division 1, Courtroom 302 |
| **DELAY REDUCTION & E-FILING ORDER** ||

*[Handwritten across document: "REFUSAL FOR CAUSE"]*

I.  Civil cases in Division 1 of the Fremont County District Court are on a delay reduction docket. Deadlines that must be met are:

   1. <u>Service of Process</u>: Returns of service on all defendants shall be filed within 63 days (nine weeks) after the date of the filing of the complaint.

   2. <u>Default Judgment</u>: Application for default judgment shall be filed within 35 days after default has occurred.

   3. <u>Trial setting</u>: Plaintiff shall serve a notice to set the case for a case management conference and shall complete the setting of the case management conference within 42 days from the date the case becomes at issue. A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court shall direct.

   The Court will consider extending these time periods upon timely filing of a motion showing good cause.

**IF AN ATTORNEY OR *PRO SE* PARTY FAILS TO COMPLY WITH PART I OF THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, § 1-10, AND RULE 41(b)(2), C.R.C.P.**

```
        INTEGRATED   COLORADO   ONLINE   NETWORK   (ICON)
 Status:                          District Court, Fremont County
 Case #: 2014 CV 000157      Div/Room: 1      Type: Other
                  ROLAND, JAMES VS JOBE, FRED et al

                                                  DV STATUS:
 Case File Date:  9/26/2014   Case Close Date:        Appealed: Y
                              Confidential Intermediary............:

                       Bar #    Name
    Judicial Off....: 008499   DAVID MORRIS THORSON
    Alt Jud Officer: 000000
                       Description              Stat Date       Time      Rm/D
    Trial..........:                                            0:00
    Next Schd Event: Review                        10/31/2014   7:00 P
    Last Schd Event:                                            0:00
    Last Event.....: Order-Case Management    n/a 10/06/2014

    Attorney(s)....: N

    Judgements.............:N
    Motions Filed..........:N

    Amount Prayed for.....:             .00

    Jury Fee Paid.........:N

 -------- PARTIES -----
 PARTY  ROL STS    NAME                          ATTORNEY                ROL
 DEF    1          JOBE, FRED
 DEF    2          MARSHALL, JULIE
 PTF    1          ROLAND, JAMES
         AKA BISHOP, JAMES
             Date of Birth...........: 02/24/1944
             Home Phone..............: (719) 564-4366
             Home Address............: 1529 CLAREMONT AVE
                                     : PUEBLO, CO   81004
 FILE DATE    EVENT DESCRIPTION
 09/26/2014   Notice of Appeal Filed         Event ID: 000001   E-Filed: J
     PTF/    ROLAND, JAMES
 Notice of Appeal
 10/06/2014   Order-Case Management          Event ID: 000002   E-Filed: J
 Ruling: ACTION TAKEN, Document Title: Delay Reduction Order
 FILE DATE    SCHEDULED EVENT DESCRIPTION   SCHD DATE    TIME     ROOM   PRI
 10/07/2014   Review                        10/31/2014   07:00 PM  1
       Officer: DAVID MORRIS THORSON
                                                  Length:  1.00 Hour(s)
                                                  Note..:  R/S- ANSWER

                  End of Case: 2014 CV 000157
```

(Stamped across document: "REFUSAL FOR CAUSE")